DECISION.
The defendant-appellant, Timothy Brock, appeals from the trial court's order imposing maximum, consecutive sentences on three counts of burglary and one count of gross sexual imposition for a total of twenty-nine years in prison. Brock further challenges the trial court's order adjudicating him a sexual predator.
Brock pleaded guilty to three different burglaries. The first burglary was committed in the early morning hours of September 25, 1999, and involved a trespass into a private home that was occupied by a lone female. The offense resulted in the theft of a purse and other items. The second burglary, also committed on September 25, 1999, involved a trespass into a woman's home at night and an attempt to touch improperly a five-year-old girl. (A separate charge of sexual imposition was dismissed as part of a plea bargain, the prosecutor not wishing to put the five-year-old victim through the trauma of a trial.) The third burglary occurred on August 14, 1999, and involved a trespass into a family's home at night and the molestation of the family's thirteen-year-old daughter.
Before imposing maximum sentences, the trial court, pursuant to R.C.2929.12(A)(C), found that each crime constituted "the worst form of the offense," and that Brock posed the "greatest likelihood of committing future crimes." With regard to the first finding, the court emphasized that the burglaries were committed upon private residences that were occupied at the time, and that the second and third burglaries were accompanied by acts of sexual molestation upon a child and a teenager, respectively. With regard to the second finding, the court observed that Brock had a prior criminal record that included three burglaries and a criminal trespass. The court also noted that Brock had twice had his probation revoked, and had failed to attend required sex-offender meetings. Finally, the court noted that Brock had a documented problem with voyeurism and "polysubstance abuse," and that the clinical evaluation of his prognosis in coping with these problems was poor.
In his first assignment of error, Brock argues that the trial court erred by imposing a sentence that was contrary to law. Specifically, he challenges the trial court's finding, under R.C. 2929.14(C), that he had committed the worst form(s) of the offense. He argues, in this regard, that it was error to treat all three burglaries as the worst form of the offense when the first burglary did not contain any element of sexual molestation and the sexual-imposition count involving the second burglary was dismissed.
As this court has observed, the concept of the "worst" form of the offense is nebulous; theoretically it is always possible to conceive of conduct that is worse than that presented by a given set of facts. Statev. Kershaw (1999), 132 Ohio App.3d 243, 247, 724 N.E.2d 1176, 1180. The only exception would seem to lie in crimes too innocuous to allow for much variation (for example, jaywalking), or those too enormous to contemplate (for example, mass slayings). In Kershaw, we rejected the notion that the "worst" form of the offense described a single absolute; rather, we concluded that there can be several different "worst" forms of the offense so long as they involve conduct that is particularly repugnant, threatening, or otherwise deserving of severe punishment.
Generally speaking, burglary is committed when a person trespasses in an occupied structure, not necessarily the habitation of any person, with the purpose to commit any criminal offense. In other words, the crime of burglary need not be committed in a private residence, at night or in the early morning hours, at a time when the occupants are at home, defenseless in their beds. Nor is it necessary that the crime be committed in the home of a family with small children, or a teenage daughter, whom the burglar then molests, or attempts to molest. We agree with the trial court that these offenses are among the worst forms of non-aggravated burglary. (The offenses, admittedly, could have been made worse if Brock had possessed a weapon or inflicted, or attempted to inflict, physical harm on the occupants; however, if he had, Brock would have been guilty of aggravated burglary under R.C. 2911.11, not burglary under R.C. 2911.12.)
Similarly, we agree with the trial court that Brock's act of gross sexual imposition against the thirteen- year-old daughter of one of his victims represents one of the worst forms of that offense. The offense was committed against a youthful teenager by an intruder in her own home at night under circumstances that must have been terrifying for her.
Even more readily, we agree with the trial court that Brock's criminal past and propensity for voyeuristic activity (which seems to have escalated from "peeping Tom" behavior to burglary) present the "greatest likelihood" that he will commit future crimes. Brock's record demonstrates that he has not responded well either to treatment or to punishment.
As noted, Brock also challenges the trial court's imposition of consecutive sentences, arguing again that the trial court lumped all the offenses together, and that its findings in support of consecutive sentences should apply only to the latter two burglaries, not to the first.
The trial court found that consecutive sentences were necessary to fulfill the purposes of R.C. 2929.11, as well as to protect the public and punish Brock. R.C. 2929.11(A). Further, the trial court found that consecutive sentences were necessary to adequately reflect the seriousness of Brock's conduct in light of the harm that it had caused, and because his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from any future crimes he might commit. R.C. 2929.14(E)(4)(b) and (c). As we have noted, Brock's criminal history showed a disturbing escalation of his voyeurism from, as the state describes it, "criminal trespass and home- invasion burglary offenses to child molestation." Further, clinical evaluation described his prognosis for curbing such tendencies as "poor." These factors led the trial court to conclude that he needed to be imprisoned for "as long as possible" to ensure that he does not commit future crimes that may escalate into something far more tragic and violent for the victims. We hold that the trial court's reasoning, and the findings made therefrom, are supported by the record and are not contrary to law.
Brock's first assignment of error is, therefore, overruled.
In his second assignment of error, Brock argues that the trial court erred in adjudicating him a sexual predator under the criteria set forth in R.C. 2950.09(B)(2). Again we disagree. A sexual predator is one who has been convicted of or pleaded guilty to a sexually-oriented offense and "is likely to engage in the future in one or more sexually-oriented offenses." R.C. 2950.01(E). Gross sexual imposition is a sexually-oriented offense. Furthermore, the victim in this case was a thirteen-year-old girl. The age of the victim is one of the enumerated statutory criteria. R.C. 2950.09(B)(2)(c). As another court has lucidly observed, "The age of the victim is probative because it serves as a telling indicator of the depths of the offender's inability to refrain from such illegal conduct." State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. The trial court here also noted Brock's prior criminal record under R.C. 2950.01((B)(2)(b), the nature of the sexual conduct under R.C. 2950.29(B)(2)(h), and his voyeuristic tendencies under R.C. 2950.09(B)(2)(j). All these factors, we hold, militate very strongly in favor of a finding that Brock is a sexual predator.
 _________________________ Per Curiam.
Brock's second assignment is, therefore, overruled.
DOAN, P.J., GORMAN and SUNDERMANN, JJ.